20 A.3d 1018

IN THE MATTER OF TINA FELLOWS, AN ATTORNEY
AT LAW (ATTORNEY NO. 018602003).

February 2, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–211, recommending that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14, **TINA FELLOWS** of **JERICHO, NEW YORK,** who was admitted to the bar of this State in 2003, and who has been temporarily suspended from the practice of law since May 21, 2007, be disbarred based on respondent's disbarment in New York following her plea of guilty to two counts of second-degree grand larceny and one count of first-degree scheme to defraud, conduct that in New Jersey violates *RPC* 8.4(b) (criminal act that reflects adversely on honesty, trustworthiness or fitness as a lawyer) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And **TINA FELLOWS** having failed to appear on the Order directing her to show cause why she should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **TINA FELLOWS** be disbarred, effective immediately, and that her name be stricken from the roll of attorneys; and it is further

ORDERED that **TINA FELLOWS** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by **TINA FELLOWS** pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the

Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.